1
2
3
4
5
6
7
8                **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY WONG, et al.,                    ) Case No.: 1:11-cv-00162 AWI JLT
                                              )
12        Plaintiffs,                         ) ORDER GRANTING PLAINTIFF'S MOTION
                                              ) TO AMEND
13        v.                                  )
                                              ) (Doc. 23 )
14   MICHAELS STORES, INC., A DELAWARE        )
     CORPORATION, DARRYL KINLEY and           ) ORDER REMANDING THE MATTER TO THE
15   DOES 1-25,                               ) FRESNO COUNTY SUPERIOR COURT
                                              )
16        Defendants.                         ) (Doc. 23 )
     _____ )

17

18        Plaintiff Anthony Wong seeks to amend his complaint and remand the action to the Fresno

19   County Superior Court.   (Doc. 23).   Defendants Michael Stores, Inc. And Darryl Kinsley

20   ("Defendants") filed an opposition to the motion to amend and remand  (Doc. 25).  Plaintiff did not file

21   a reply.  For the following reasons, Plaintiff's motions to amend the complaint and to remand the action

22   are **GRANTED**.

23   **I.  Procedural History**

24        Plaintiff initiated this action against Defendants on December 28, 2010 in the Fresno County

25   Superior Court.  (Doc. 1, Exh. 1).  Plaintiff's Complaint consisted of three causes of action: 1)

26   Employment Discrimination; 2) Harassment; and 3) Retaliation.  Defendant Michael Stores, Inc. filed

27   its Answer to the Complaint on January 27, 2011. (See Doc. 1). On January 28, 2011, Defendants filed

28   a Notice of Removal, asserting this Court had original jurisdiction over the matter pursuant to 28 U.S.C

                                              1

§1331, as Plaintiff's Third Cause of Action alleged, among other things, that Plaintiff was terminated for taking medical leave pursuant to the Family Medical Leave Act (FMLA). (Doc. 1).   Defendant Kinsley filed his Answer to the Complaint on March 7, 2011. (Doc. 6).  On July 27, 2011, the matter was stayed by the Court, as plaintiff had filed bankruptcy. (Doc. 13). The parties filed Joint Scheduling Reports on November 30, 2011 and reported that the bankruptcy matter had been dismissed. (Doc. 19 at 1-2) Soon thereafter, on December 7, 2011, the Court issued its scheduling order. (Doc. 21)  The deadline to amend the pleadings, as set forth in the scheduling order, is March 5, 2012. (Doc. 21). Non-expert discovery is to be completed by June 4, 2012 and trial is set for March 12, 2013. Id.

**II.  Stay**

In the Joint Scheduling Order, Plaintiff represented he was in the process of dismissing the Chapter 13 proceeding. (Doc. 19). Defendants similarly represented that Plaintiff's bankruptcy had been dismissed on November 18, 2011. Id. Although the Parties proceeded with the scheduling conference and discovery as if the stay had been lifted, the Court had never actually lifted the stay. Thus, the Court has issued an order lifting the stay nun pro tunc to December 7, 2011.

**III.     Motion to Amend the Complaint**

Plaintiff seeks leave to file an amended complaint to strike the allegations in the Third Cause of Action relating to the Family Medical Leave Act (FMLA), 29 U.S.C. §2601 et seq. (Doc. 23, Exh. A). Defendants only oppose Plaintiff's motion to amend on the grounds that Plaintiff's request is merely an attempt to avoid federal court jurisdiction.

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Since more than 21 days have passed since the date of service of the Complaint and Defendants have not consented to an amended pleading, Plaintiff is required to obtain leave from this Court before he may proceed with an amended complaint. (Ibid.)

To reach a decision on a motion to amend under Rule 15(a), the Court must weigh the factors for and against the requested amendment. Millar v. Bar Dist. 236 F.Supp.2d 1110*, 2002 U.S. Dist.

2

1  LEXIS 22589, *5 (N.D Cal. November 15, 2002). Fed. R. Civ. P. 15(a)(2) declares that leave to amend

2  should be freely given when justice so requires and only denied on a clear showing other interests

3  outweigh the general principle in favor of allowing an amendment. Id.

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc. -- the leave sought should, as
> the rules require, be "freely given."

7  Foman v. Davis, 371 U.S. 178, 182.

8  The most important factor to consider is the prejudice to the opposing party. Howey v. United

9  States, 481 F.2d 1187, 1190 (1973). Here, Defendants have not argued that they would be prejudiced

10 in any way by allowing Plaintiff to amend the Complaint (other than the fact that the amendment might

11 increase the likelihood of remand). (Doc. 25). Because Plaintiff seeks to remove an allegation, rather

12 than add an additional theory of liability, the Court cannot fathom how Defendants would be prejudiced

13 by the amendment. Indeed, it appears, to the contrary, they will receive a benefit thereby.

14 Though the action was filed more than one year ago (Doc. 1), Plaintiff explains that after he

15 changed attorneys in June 2011, his new attorney had a different understanding of the facts and did not

16 believe the facts warranted the FMLA allegations. Although the Court notes, as Defendant points out,

17 that both Plaintiff's former and current attorney share office space, it does not appear that they are

18 members of the same firm. Even still, membership in the same firm does not guarantee or require

19 agreement as to the viability of legal theories.

20 Notably, as early as July 2011, within one month of current counseling taking over Plaintiff's

21 representation, Plaintiff alerted Defendants that he intended to amend his complaint to delete the claims

22 arising under the FMLA. Thus, the Court does not find that Plaintiff unduly delayed the filing of the

23 motion. (See Howey, 481 F.2d 1190 (finding that a motion to amend filed five years after the initial

24 complaint was not sufficient grounds to deny a Rule 15(a) motion to amend; see also Millar, 236

25 F.Supp.2d 1110*, 2002 U.S. Dist. LEXIS 22589 at *11-12.)

26 Similarly, the Court finds no evidence of bad faith or an improper motive. Defendants point to

27 the fact that Initial Disclosures have been completed and discovery responses from Plaintiff have been

28 insufficient. However, how this translates to a finding of bad faith or how it demonstrates an improper

3

motive for filing the motion to amend, is not explained.  Additionally, the Court has not performed significant work on the case, such that the granting of the amendment would render the Court's work wasted.  Miller, 236 F.Supp.2d at 12. After weighing the pertinent factors, the Court believes the scales tip in favor of granting Plaintiff's motion to amend.  Therefore, Plaintiffs' motion to amend is **GRANTED**.

### IV.  Motion to Remand

Plaintiff seeks to remand the action to the state court. (Doc. 23).  Plaintiff asserts the causes of action in the Amended Complaint arise only under state law and federal question jurisdiction no longer exists. Id. at 3.  Therefore, Plaintiff asserts the Court should remand the action to the state court. Id. at 3.

Defendants oppose the motion to remand and argue the following: 1) jurisdiction in this Court remains proper despite the lack of a federal question; and 2) jurisdiction by this Court is mandatory based upon diversity.  (Doc. 25). Defendants correctly note the propriety of removal jurisdiction is determined at the time of removal.  Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939).  If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction though the federal claim has been dropped from the case and only state law claims remain. Carnegie-Melon Univ. v. Cohill, 484 U.S. 343 (1988); Nishomoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 715 (9th Cir. 1990).  Here, because the initial complaint, which was in effect at the time of removal, contained a federal claim, the Court holds jurisdiction.  Therefore, Plaintiffs "may not compel remand by amending [the] complaint to eliminate the federal question upon which removal was based." Sparta Surgical Corp. v. Nat'l Assoc. of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1988).

In any event, Defendants contend that, in addition to the fact that a federal question existed at the time of removal, diversity jurisdiction also existed under 28 U.S.C. § 1332. (Doc. 25).  Defendants assert that diversity jurisdiction requires the court to retain jurisdiction. Id.  While Defendant Michael's Notice of Removal did not allege diversity as a basis for federal jurisdiction (Doc. 1), Williams v. Costco (2006) 471 F.3d 975, makes clear that "the district court has jurisdiction over [a matter] on all ground apparent from the complaint, not just those cited in the removal notice." Id. at 977.  Based upon

1  Defendants arguments, this Court evaluates whether this Court has an independent jurisdictional basis

2  for the remaining state law claims, namely diversity.

3

4  **A.      Complete Diversity**

5      Federal district courts have original jurisdiction over cases where there is complete diversity of

6  citizenship. See 28 U.S.C. § 1332(a). Plaintiff affirmatively alleges that he is a resident California and

7  that Defendant Michael's is a Delaware Corporation.  (Doc. 23) Defendants offer undisputed evidence

8  that Michael's principle place of business is Irving, Texas.  (Doc. 25)  As between Plaintiff and

9  Defendant Michael's, defendants have met their burden of satisfying the diversity requirement.

10     Plaintiff has also named Darryl Kinsley, a resident of California, as a defendant.  (Doc. 23)

11 Defendants assert that Defendant Kinsley is a sham defendant and therefore his presence does not

12 destroy diversity jurisdiction in this case.  (Doc. 25 at 15-16)

13          An exception to the requirement for complete diversity exists, however, when a
            non-diverse defendant has been fraudulently joined for the purpose of defeating diversity
14          jurisdiction. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). In that
            case, the district court may disregard a non-diverse party named in the state court
15          complaint and retain jurisdiction if joinder of the non-diverse party is a sham or
            fraudulent.

16

17 Pasco v. Red Robin Gourmet Burgers, Inc., 2011 U.S. Dist. LEXIS 133613 *7 (E.D. Cal. November 17,

18 2011).  To determine whether complete diversity exists, the court must analyze whether Plaintiff

19 fraudulently joined Defendant Kinsley.

20          **1.      Legal Standard - Fraudulent Joinder**

21     "Fraudulent joinder is a term of art" and does not require an ill motive. McCabe, 811 F.2d at

22 1339. The Court need not find that the joinder was for the purpose of preventing removal in order to find

23 that fraudulent joinder occurred.. Briano v. Conseco Life Ins. Co., 126 F.Supp.2d 1293, 1296 (C.D. Cal.

24 2000). Instead, joinder is deemed fraudulent if the plaintiff fails to state a cause of action against the

25 non-diverse defendant, and "that failure is obvious according to the well-settled rules *of the state*."

26 Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1175, emphasis added; Ritchey v. Upjohn

27 Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); McCabe, 811 F.2d at 1339.  This requires the Court to

28

5

1   find that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action

2   against the non-diverse defendant in state court."  Briano, 126 F.Supp.2d at 1296.

3   "The non-diverse defendant is not fraudulently joined if there is *any possibility* that the plaintiff

4   will succeed in its claim against that defendant." Jennings-Frye v. NYK Logistics Ams. Inc., 2011 U.S.

5   Dist. LEXIS 19562, *6-7  (C.D. Cal. Feb. 11, 2011) (citing Burden v. Gen. Dynamics Corp., 60 F.3d

6   213, 216 (5th Cir. 1995), emphasis added; Hunter v. Phillip Morris, 582 F.3d 1039, 1044-1046 (2009)

7   (quoting Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007) (diversity jurisdiction

8   is lacking "if there is any possibility that the state law might impose liability on a resident defendant

9   under the circumstances alleged in the complaint"); Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277,

10  1279 (11th Cir. 2003) (diversity jurisdiction is lacking "if there is a possibility that a state court would

11  find that the complaint states a cause of action against any of the resident defendants."). A non-diverse

12  defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the

13  controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against

14  the party whose joinder is questioned. Nasrawi, 776 F. Supp. at 1169-70 (citing Kruso v. Int'l Tel. & Tel.

15  Corp., 872 F.2d 1416, 1426 (9th Cir. 1989).

16  "The court's job is not to determine whether the plaintiff will actually or even probably prevail

17  on [the] merits of his claim, but rather to evaluate whether there is any possibility plaintiff may do so."

18  Archuleta v. Am. Airlines, Inc., 2000 U.S. Dist. LEXIS 21076, at *17 (C.D. Cal. May 8, 2000).  Courts

19  generally disfavor the doctrine of fraudulent joinder and any ambiguity of law or fact must be resolved

20  in favor of remand. Bear Valley Family, L.P. v. Bank Midwest, N.A., 2010 U.S. Dist. LEXIS 93460,

21  at *7 (C.D. Cal. Aug. 23, 2010).  The party who is asserting diversity jurisdiction bears the burden of

22  proving fraudulent joinder with clear and convincing evidence.  Hamilton Materials Inc. v. Dow Chem.

23  Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

24              **2.       Second Cause of Action for Harassment**

25          FEHA prohibits harassment and holds an employee personally liable for harassing another

26  employee because of race. (Id. at FN 2 (quoting Cal. Gov. Code §§ 12940(j)(1) and (j)(3))  Thus, unlike

27  a claim for discrimination or retaliation, a supervisor can be held personally liable if the offending

28

6

1    actions go beyond the necessities of executing employer polices. <u>Asurmendi v. Tyco Elecs. Corp.</u>, 2009

2    U.S. Dist. LEXIS 22978, at *10 (N.D. Cal. Mar. 11, 2009).

3            Defendants allege that Plaintiff cannot state a cause of action for harassment, as the actions

4    alleged in the second cause of action are more properly characterized as discrimination, rather than

5    Harassment.  (Doc. 25 at 17-18).  In <u>Janken v. GM Hughes Electronics</u>, 46 Cal.App.4th 55, 64-65

6    (1996), the court explained the difference between harassment and discrimination.  The court stated that

7    actions necessary to carry out the duties of the business and personnel management do not come within

8    the meaning of harassment.  <u>Id.</u>  Such activities include hiring and firing, job or project assignments,

9    office or work station assignments, promotion or demotion, performance evaluations, the provision of

10   support, the assignment or nonassignment of supervisory functions, deciding who will and who will not

11   attend meetings, deciding who will be laid off, and the like.  <u>Id.</u>  <u>Janken</u> explained that under FEHA,

12   Harassment consists of actions outside the scope of job duties "which are not of a type necessary to

13   business and personnel management." <u>Id.</u>

14           Defendants argue that even assuming the truth of the allegation that Kinsely "yelled" at Plaintiff

15   in front of other employees, this is not sufficient to state a cause of action for Harassment.  However,

16   Plaintiff's complaint alleges not only that "Kinsley would yell at plaintiff in front of other employees

17   to humiliate and embarrass him," but also that Kinsley engaged in such actions "with the intent of

18   harassing plaintiff on the account of his Asian ethnicity."  (Doc. 23 at 9). At the hearing, Defendants

19   argued that the assertion regarding Kinsley's motivation is a mere legal conclusion and therefore should

20   be disregarded under the standards set forth in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct.

21   1955, 167 L. Ed. 2d 929 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883

22   (2009).          Though arguing forcefully that Plaintiff has not stated a claim based upon the pleading

23   standards set forth in Rule 8 as clarified by <u>Iqbal</u> and <u>Twombley</u>, Defendants ignore that the test is

24   whether Plaintiff can state a claim *in state court*.  <u>Briano</u>, 126 F.Supp. 2d at 1296; <u>McCabe</u>, 811 F.2d

25   at 1339 (fraudulent joinder looks to whether the plaintiff's failure to state a claim "is obvious according

26   to the settled rules of the state . . ." rather than the federal rules determining sufficient pleading.)

27   <u>Twombly</u> and <u>Iqbal</u> clarify the federal pleading standard set forth by Rule 8(a) but make no comment

28   as to the propriety of pleading under California law.  For this reason, courts have refused to apply the

7

1    Twombly and Iqbal standards to determine whether a defendant was fraudulently joined. Watson v.

2    Gish, 2011 U.S. Dist. LEXIS 58317 at *8 (N.D. Cal. May 31, 2011) (citing Tofighbakhsh v. Wells Fargo

3    & Co., No. 10-830 SC, 2010 U.S. Dist. LEXIS 69627, 2010 WL 2486412, at *3 (N.D. Cal. June 16,

4    2010) (rejecting contention that Twombly pleading standard is germane to fraudulent joinder analysis).

5    Rather, courts employ "the pre-Twombly 'no set of facts' standard of Conley v. Gibson, 355 U.S. 41,

6    45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("[A] complaint should not be dismissed for failure to state

7    a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

8    which would entitle him to relief.")." Black Donuts, Inc. v. Sumitomo Corp. of Am., 2010 U.S. Dist.

9    LEXIS 30859 (C.D. Cal. Mar. 3, 2010)

10         Here, Plaintiff alleges he is Asian and, as such, belongs to a protected group.  (Doc. 23 at 10).

11   He alleges he was subjected to harassment by Kinsley who yelled at him and humiliated him.  Plaintiff

12   alleges that this conduct forced him to take time off work, caused him anxiety, chest pains, and loss of

13   appetite, among other complaints. Id.  Plaintiff *concludes* that the actions were motivated by Kingsley's

14   racial animus.[1]  This could be deemed insufficient to overcome a demurrer. Callahan v. Broderick, 124

15   Cal. 80, 82-83 (1899) ("The necessity for a statement of the facts essential to a right claimed is not

16   obviated by averments of legal conclusions . . . for allegations of conclusions of law will be disregarded

17   in considering objections raised by demurrer.")

18         Nevertheless, the fact that Plaintiff's complaint may be subject to a general demurrer–though

19   the Court is not convinced that this is the case– does not end the analysis.  Instead, "in deciding

20   fraudulent joinder, the defendant should be able "to show that the individuals joined in the action cannot

21   be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  Clearly,

22   racially motivated ridicule of an employee is not necessary to manage personnel nor it is within the

23   scope of such duties. Janken, 46 Cal.App.4th at 64-65.  Thus, despite the pleading defect, if proven that

24   Kinsley's actions were racially motivated, he *could* be held liable under FEHA. Thus, Defendants have

25   failed to prove that Kinsley cannot be held liable under any possible theory.

26   _____

27         [1] At the hearing, Plaintiff's counsel admitted that the assertion in the complaint that Kinsley's conduct was motivated
     by racial animus was a conclusion rather than a factual allegation.  Likewise, counsel admitted that there no facts alleged that
     support this conclusion, such as Kinsley using racially charged language or treating all Asian employees in a harassing

28   manner.  Indeed, counsel reported that he was unaware whether there were any other Asian employees.

### 3.    Discrimination, Retaliation, and Amount in Controversy

Given the Court's finding that Plaintiff can *possibly* hold Kinsley liable for harassment, the Court does not decide whether Defendant's met their burden of proof regarding the amount in controversy or whether Plaintiff can state a cause of action against Kinsley individually for discrimination or retaliation.

///

### B.    Discretion to Remand

Given that Defendants have failed to establish complete diversity and the sole federal claim has been eliminated from the action, the Court has discretion to remand the remaining state law claims. Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991).  The Court generally considers "the values of judicial economy, convenience, fairness, and comity" in making this determination. Carnegie-Melon, 484 U.S. at 350.  Based upon these factors, "it is generally preferable for a district court to remand remaining pendent claims to state court."   Harrell, 934 F.2d at 205; see also Carnegie-Melon 484 U.S. at 350 n.7 ("these factors usually will favor a decision to relinquish jurisdiction when state issues substantially predominate") (internal quotation marks and citation omitted).

"With regard to comity, the path that best preserves the rights of the state to preside over the court matters is to remand the case." Loder v. World Sav. Bank, N.A., 2011 U.S. Dist. LEXIS 98770, at *11 (N.D. Cal. Sept. 1, 2011).  Further, there is no evidence that this Court is a more convenient forum than the state court.  Though Defendants assert that this Court has set a trial date, the trial is not set for more than a year from now. Moreover, the Ninth Circuit has acknowledged that remand is proper when, as here, a plaintiff amends the complaint to remove federal claims and moves for remand without delay. *See* Baddie v. Berkeley Farms, Inc., 65 F.3d 487, 490-91 (9th Cir. 1995); *see also* Gilroy v. City of Bakersfield , 2011 U.S. Dist. LEXIS 106009 (E.D. Cal. September 19, 2011.)

After considering all of the Carnegie-Melon factors, the Court finds they weigh in favor of remand.

### IV.  Conclusion and Order

The factors set forth in <u>Carnegie-Melon</u> weigh in favor of remand, and the Court should not exercise jurisdiction over the remaining state law claims.  Accordingly, **IT IS HEREBY ORDERED**:

      1.     The Stay previously ordered in this case it lifted.

      2.     Plaintiff's motion to amend the complaint is **GRANTED**;

      3.     Plaintiffs motion to remand is **GRANTED**;

      4.     The matter is **REMANDED** to Fresno County Superior Court; and

      5.     Because the order remanding this matter to state court concludes this case, the Clerk of the Court is directed to close this matter.

IT IS SO ORDERED.

Dated:   **March 5, 2012**                                                   **/s/ Jennifer L. Thurston**
                                                                             UNITED STATES MAGISTRATE JUDGE

10